On Application for Rehearing.
PROVO STY, J.
As further reason why the prescription should not be maintained the court will say that the point of departure for the prescription of ten years liberandi causa invoked by defendants was when the relation established between the parties by their agreement was broken off. Until then, prescription could not run between them. Analyzing the legal situation, we find it to be that the parties are conclusively presumed to have known the law, that is to say, to have known that the so-called donation,—or the contract they made, by whatever name designated,—was in violation of a prohibitory law and absolutely null and void, and that the money was simply being received by defendant to be returned. Counsel is right in saying that this obligation to return the money was a personal obligation prescriptable by ten years, like all other personal obligations; but every payment made by defendant to plaintiff was confessedly made on this obligation; plaintiff was being lodged and fed in defendant’s house in part fulfillment of this obligation; and therefore these payments and this boarding of plaintiff were constant acknowledgments of the obligation, and interruptions of the course of prescription thereon; *126 and, as a matter of course, the prescription must be computed from the date of the last of the interruptions.
Rehearing refused.